Case number 18-6270 and 19-5410, Arvion Taylor v. Pilot Corporation, et al., argument not to exceed 15 minutes per side. Mr. Shockley, you may proceed for the appellants. You may please the court. Gary Shockley of the Tennessee Bar for the appellant, Pilot. We've asked to reserve three minutes for our rebuttal. Alright. The dispositive question presented by this appeal is did the district court err in refusing to cede authority to an arbitrator to determine threshold issues of arbitrability that are delegated to the arbitrator under the undisputed arbitration clauses in the record, 3,945 of them. We believe that under Henry Schein v. White and Archer from earlier this year and Renner Center West v. Jackson from 2010, the answer is yes, and that these cases must be compelled to arbitration or dismissed without prejudice. There is, of course, a preliminary question of appellate jurisdiction in this case. We believe that the Federal Arbitration Act, section 16A1B, allows an immediate appeal from an order denying a petition to enforce an arbitration agreement. The cases of this court make it clear that we look to the substance of the district court's order and the district court's action to determine appealability. You're not arguing that the Biden order gave us jurisdiction, what I'm calling the housekeeping order. I think one of you in your briefs referred to the Biden report. Your Honor, we are arguing that either one of those orders would be sufficient and certainly read together make it clear that what the district court was doing was refusing to honor the delegation clauses here because of her mistaken belief that she had an existence dispute before her. I thought in your brief that you conceded that the housekeeping order did not. I don't believe that's the case, Your Honor. Okay. You can continue offline. Thank you. Don't we have here just a dismissal without prejudice, which constitutes a delay but not any kind of final determination of arbitration issue? We actually have two different things going on, Your Honor. We have in the November, what I refer to as the November 2018 order, what the court did there expressly was refuse to cede authority over a threshold issue of arbitrability that is clearly and unmistakably delegated to the arbitrator. Now, she did that under the mistaken belief that she had before her an existence dispute. When that is not the case, it's a validity dispute. What issue are you referring to? Are you talking about the dispute about the dates of the employment of the plaintiffs? That's correct, Your Honor. Well, as to those, couldn't you have put that to rest by providing the agreements with the dates on there and simply had the issue disposed of that way instead of coming up here on appeal? But those were not, as I understand, those were not put in the record. It looks like if we sent the case back, those dates could be produced and then the issue of arbitrability could be addressed. If there were a problem about compliance with the Federal Arbitration Agreement, that would become clear at that time. It's an attractive solution, and fortunately, Your Honor, there are two separate problems with that from my client. The first is that providing discovery can constitute a waiver of our right to arbitrate. In the Gunn v. NFC case, this court said engaging in discovery inconsistent with the Arbitration Act can constitute a waiver. Well, you could ask the, I don't know what the ruling would be, but you could ask the with the proceedings before the district judge if the judge turns out to have ruled improperly. Well, as I said, that's the first issue, Your Honor. The second issue is on the record before the court, again, there are 3,945 members left, all of whom, as established in the Phillips Declaration and the Boucher Declaration, all of whom have signed arbitration agreements. But the court said, I mean, it comes down to the court's statement in the order that it thinks that this motion to compel goes to whether they signed the agreements or not, right? On the face of the order, I'm just reading the words of the order, she says this goes to whether they signed the agreements or not, right? She says it goes to when they signed the agreements, because that is the statement she's based on, a statement in a brief. But that would be when they signed the agreement, meaning they're not covered by the agreement, right? Presumably, that's their argument. Now, again, it isn't. But you would agree, though, that that's a question that we have said. I'm analogizing it to whether the signer has signed the agreement. That's not something that goes to arbitration, right? If it is a genuine existence dispute. I mean, this is footnote in Renner Center, the footnote in Buckeye. Everybody is saying there's some meta-threshold issue that does not go to arbitration, right? I am not bound by this agreement. That is correct, Your Honor. There is, under Section 4, if there is a Renner Center and Buckeye, if there is a genuine existence dispute. Well, they don't resolve it. They leave it, I mean, they leave it open. If there is a genuine existence dispute, and the classic example of that is in a nursing home case. If there's a question that the patient lacked mental capacity to agree to arbitration, those are cases that get resolved every day. That's simply not what is presented by the record that was before Judge Lipman. What we have in the record before Judge Lipman is, again, two sworn declarations on behalf of PILOT explaining that every employee beginning in April of 2014 has to sign before they can clock in, which, of course, is the complaint here that they're working off the clock. There is no sworn declaration that any one of these 3,945 arbitration opt-ins didn't sign that. What there is is a statement from counsel that says certain individuals have told me that they think the date given for their arbitration agreement was before they started work. Well, in the first place, that's a non sequitur, because they're all given before they start work. That's explained. You have to sign all of the paperwork, and this is part of it, before they start work. But secondly, that's- I mean, if the judge says, look, it's a motion to compel, so normally it wouldn't be appealable, right? And we would normally review it for abuse of discretion, even if it was. And the judge says, look, this goes to whether they signed- I mean, it says we'll resolve a dispute as to whether or not individuals have signed the agreement to arbitrate in the first place, whether they signed it in the first place. That is one of those questions that doesn't go to arbitration. So I mean, at this point, what are we supposed to do? We don't have jurisdiction, right? Well, we believe you do, Your Honor, and here's why. Because no one in this record has said they did not sign. There is a statement in a paragraph in a brief where counsel says- Yeah, but they're arguing over dates as to what dates did they sign such that they would come within the time frame that's at issue. And you can't find that out without looking at the dates. And if you think there's a problem here, why not turn over the dates or turn over the agreements with the dates and then proceed or object to the arbitration at that time after we know if we've got an arbitrable situation? Instead, you don't furnish the dates, you don't turn over the agreements. Next thing we know- Your Honor's question- Hold on. Your Honor's question- Hold on. I'm still talking. I'm sorry. I'm talking. Next thing we know, the thing's up here on appeal, and you want relief and decisions and things like that. And it just seems premature. I understand that perception, Your Honor, and it is unusual procedurally. But what has happened here is, one, we risk waiver, and two, we are being denied the benefits of arbitration that all the parties agreed to. And that is, that agreement specifically provides that discovery is to be overseen by the arbitrator in questions of threshold arbitrability like temporal scope. Not this question. In other words, the district court believes there are, at least the district court believes there are some people who did not sign these agreements. And all the district court's asking is you provide the dates of when these people started to the other side so they can figure that out. That seems to be something that you're asking us to dive behind and figure out when it's ... That seems, I mean, perfectly within the district court's province to try and figure this out. Your Honor, I will disagree on one point factually, if I may. Again, Phillips and Boucher established with declarations in the record that all 3,945 signed these agreements and the procedure that was in place. Each one of them has been produced, over 11,000 pages, and there are the date of signing that's on there. What the judge has said is that some people say, oh, I hadn't started work yet when they say I signed it. Again, that's temporal scope. But the district court, for better or worse, the district court bought that. You may be right. Maybe the district court's completely off the reservation. Why not just provide these dates and then you can, as Judge Coy says, you can get to the threshold question? Because Your Honor, the Federal Arbitration Act says if the parties have agreed that validity and forcibility and interpretation disputes are to be decided by the arbitrator and that any discovery disputes related to those issues are to be decided by the arbitrator, then the existence of the agreement itself is what they're contesting, some of them. Your Honor, I don't believe that's borne out by the record. I don't believe that's what they say. Isn't that what the district court bought? For better or worse, isn't that what the district court thought? The district court thought she had an existence dispute. That is correct. And if she has an existence dispute and she says you, the plaintiff, can have discovery, don't you have to provide it? If she were correct on the record before the court that there was a genuine existence dispute. This is our problem. This is what it sounds like to me, and tell me where I'm wrong, is that what you're asking us to do is figure that out, which we don't have jurisdiction to do. I don't believe that's the case, Your Honor. I believe it is apparent on the record, as it was in Milan Express, that the court has simply erred in characterizing the dispute that's before her as one over which she has under rent a center and the delegation clause that she does not. And I see my time has expired. I'm happy to answer any additional questions in my rebuttal time. Thank you. Thank you. Good morning. Good morning, Your Honors. Adam Hansen on behalf of the police. The court trying to get the dates of employment to find out if this matter is properly before the district court. Isn't that what the status of the dispute is, or no? Let me answer that question. The district court compelled the dates of employment because the dates of employment are relevant to the issue of contract formation. Let me highlight one important fact in this case. The vast majority of the arbitration agreements in this case were, according to defendant's affidavits, electronically signed. So this isn't a pen on a piece of paper. This is the click of a mouse. And that's the discovery that these dates of employment is targeted at. Who clicked... The dates originally, it was about equitable tolling. Is that wrong? They were always referenced with respect to equitable tolling as well as formation of the arbitration agreements. So now it's about formation. And now you're saying you have clients who are saying flat out, I did not sign this agreement? Correct. Absolutely. So they have my name on a document, but it's akin to somebody forging my signature. We have clients who are saying that, but I would remind the court that... How many clients? I don't believe that's in the record. It was clients, plural. But I would remind the court, in addition, of course, that's one way to fail at contract formation, but it's the appellants here that bear the burden of proof. And so all of these issues of contract formation are for the court, offer acceptance consideration. And until that is proven, this case cannot be sent to arbitration. And what the district court did here... Can I ask you a question? I'm sorry to interrupt. Yes, of course. So I went back and looked at their footnote, and on the housekeeping order, why doesn't that confer jurisdiction on us? In other words, the district court denied it, albeit without prejudice. But by my count, six circuits have said that's sufficient, and none have gone the other way. We don't dispute the legal proposition that a denial of a motion to compel arbitration without prejudice can be appealable. I'm not familiar with any... What? We're not disputing the proposition that a denial of a motion to compel arbitration without prejudice can be appealable. It doesn't matter if it's with prejudice or without prejudice. I'm not familiar with another case that deals with this precise factual scenario with this housekeeping issue. What I would merely suggest is that when an order nominally compelling or denying a motion to compel arbitration is so ministerial that it just falls outside the scope of what Congress had in mind in section 16 of the FAA. All the circuits have said, right, and the third circuit maybe says it best, that denying a motion is all that has to happen. And so even in a ministerial sense, and I agree with you, the Biden order... Am I correct in thinking it was a Biden order? Absolutely a Biden order. It may have been issued on a weekend. The Biden order is the most ministerial thing in this context. But I guess, how do you get around the language of section 16 and the six circuits that have been listed on it? I would just go back to what I said, that at a certain point, an order becomes so ministerial that it just does not fall within really the intent of Congress. But let me concede... Do you think this is a case of first impression, is that what you're saying? Well, at least with respect to that precise factual scenario. But Judge DeParle, let me pivot to the next point, which is equally important here. Because whenever a court takes a jurisdiction of an interlocutory order, the scope of review becomes a very important issue. One of the beautiful things about final judgments is that it neatly merges all interlocutory orders into that judgment. And what appellants are essentially asking for here is sort of an, let's assume I'm wrong and this court has jurisdiction for something. They're asking for sort of an in by an inch, in by a mile rule here that would allow the door to be cracked open. Let's just say by this Biden order, and now we're going to review everything. Can I ask you a separate question, which is in footnote 10 of their reply brief, they say independently, the Biden order does not create jurisdiction. They say when coupled, and that's the same argument that counsel made here. Would that be enough to say they've waived this argument? Because they're saying it functionally does, not that it actually does. That's the way I read it at least. I think it would be. And I would just go back to what I was suggesting earlier, which is it doesn't matter. Let's assume that order is reviewable and this court has jurisdiction to review it. The only thing this court would review is essentially whether the district court acted within its discretion to clear its docket. Sure. Yes. That would be a one line opinion that would end with affirmed rather than dismissed. Is that right? I mean, because that's not what happened in those cases, right? In the other cases. Well, but the other cases, if I'm understanding the other cases that you're referring to, they denied a motion to compel arbitration, albeit without prejudice, but on more substantial grounds, right? Maybe they wanted to consider a different motion first. It was perhaps procedural, but it was on different grounds. In all of those cases, if I'm reading the cases correctly, the Court of Appeals confined its analysis to whatever the thing was that the district court decided. What those courts haven't done is say, well, okay, you denied this motion to compel arbitration on procedural grounds. Now let's us, the Court of Appeals, do a full dress consideration of the motion on substantive grounds, even though the district court hasn't even weighed in on it. And that's essentially what the appellants are asking for here, right? We've got a motion to compel arbitration that was filed at the district court. The plaintiffs have not responded substantively to that motion. The district court hasn't ruled on it substantively. And yet we have an extraordinary request for this court essentially to pass on those substantive arguments in the first instance before the district court even has a chance to weigh in. So whether that's characterized as there is no appellate jurisdiction or it's beyond the scope of the appellate jurisdiction, it all leads back to the same place. I'd like to turn briefly to really the procedural and merits questions raised in this case. The delegation-based arguments that appellants seek to raise here are super waived. They were raised for the first time in a motion to reconsider the denial of plaintiff's motion to compel discovery. And I'm not going to repeat that sentence, but it's hard to imagine something that would be more waived or reviewed more deferentially than an argument that was raised in the first time in a motion to reconsider. This circuit's law is clear that unless those sorts of arguments are raised principally either in an affirmative motion or in a response, which was not the case here, that those arguments are waived. Turning to the merits, this court has it exactly right. When would they have teed that up? In response to plaintiff's motion to compel discovery, which was filed on June 12, 2018. Was that before the settlement? That was... Before they had produced the arbitration agreements and discovery? It was right around the same time. The settlement was ongoing. I don't believe the settlement had been finally approved at that time. It was a matter of weeks by my recollection. Was it clear that the motion to compel was going to the arbitration issue? Yes. Crystal clear. It was raised both independent... Both. Both. Didn't mean to jump in on you on your question. The motion specifically raised arbitration, and for appellants, they raised one arbitration related defense. In their opposition two weeks later, they said, District Court, you can't compel this arbitration... I'm sorry, you can't compel this production because you don't have subject matter jurisdiction. They made that argument. It's not a correct argument. Arbitration doesn't go to the court's subject matter jurisdiction. Why is the motion to compel arbitration been sitting... Why was it sitting out there? Once they produced the agreements, why wasn't this... Why didn't this thing just go to arbitration? Can the district court hold on to a motion to compel arbitration and decide other kind of house cleaning matters before getting around to it, or at some point, you have to send it to arbitration? I think there are limits to a district court's discretion. Certainly the district court couldn't say, hypothetically, I'm just going to hang onto this while we proceed to full merits discovery and trial. That would functionally abridge the rights protected by the FAA. That's not at all what the district court was doing here. What if that scenario happened and there's a motion filed and the party that moved to compel arbitration says, hey, wait a minute. This motion is the exact thing that has to go to arbitration. What are they supposed to do at that point? Make the argument in response, which is precisely what appellants failed to do here. If they lose it, then what happens? Then you're sitting on the motion to compel arbitration. What's their remedy? Just wait until the end of the case? No. You wait until the motion to compel arbitration is decided. It's not the end of the case. But if the motion to compel arbitration is decided and, in fact, goes to arbitration, they can't unring the bell and then say, well, give me back the dates that we produced, right? Once they produce these dates to you, look, I don't know why they won't produce the dates to you. It seems a little bit odd to me, but assume they have some argument for it and they don't want to waive something. I'm not sure what it is. But, okay, what are they supposed to do, though? They can't unring the bell once they're compelled to do that, right? That's true. They can't unring the bell. But Congress made the bell unringable, so to speak, with respect to orders denying motions to compel arbitration. Congress did not extend that rare interlocutory right to all orders that touch on arbitration and specifically to orders that simply set the table to determine a motion to compel arbitration. I mean, these are 3,900 people. We need a mechanism to determine whether an agreement to arbitrate has existed between these people, particularly where we have this newfangled electronic click system. This is not the sort of thing on an issue for which appellants bear the burden of proof where you can simply take a corporate declaration at face value. The Federal Arbitration Act is very clear that when the making of an arbitration agreement is in issue, the party opposing arbitration is entitled to a trial by jury on that question. And courts have interpreted the FAA to also provide for reasonable discovery to fulfill that obligation. So you're absolutely right. That would be a bell that couldn't be unrung, but that's just not a remedy. Congress didn't go so far as to provide parties a way out of every single possible case management and remedial order that a court might mention. But you're envisioning a side, or maybe not a side proceeding, but a separate proceeding that's going to involve the formation of these contracts? Yes. It's not a side proceeding. It's just we're putting them to their burden of proof. They have to show that an agreement to arbitrate exists with these people. But you're talking about offer, acceptance, consideration, the whole thing, the capacity. I mean, you're going to contest all of that stuff? Well, we have to do the discovery. We're not going to contest any issue on which we don't have a good faith basis to contest. But that's the reason you do discovery. This is a cart and horse type conversation. Without the discovery, all we have is some plaintiffs who are saying, hey, look at this electronically generated signature. I have no memory of this. I wasn't even in the picture with this employer at the time. But if the arbitration agreement says that formation issues are to be arbitrated, don't most of those things go to formation? Or are you saying they're all of a character that are carved out by the footnotes in Rent-A-Center and Buckeye? I'm not sure I understand the question precisely because I understand formation to be precisely what was carved out by Rent-A-Center and Buckeye. I've thought about this. I'm always cautious to avoid making categorical statements at oral argument, but I simply do not see how it's logically possible for a single document, a single instrument to simultaneously bootstrap its way to arbitrability of the formation of that very document. As you suggested, Judge Nelbandian, there has to be some meta-threshold issue that simply can't be delegated away. The district court has to do something to satisfy itself that this case belongs in arbitration. That's all that the district court was trying to do here. As the Ninth Circuit suggested in the Van Dusen case, in order to get there, it is logical, indeed, preferable for the district court to establish a dispute resolution system, and a dispute resolution system that's in accord with the text of the Federal Arbitration Act that specifically provides for these procedures when the making of an arbitration clause is an issue. I would also add- Is it the case that the company never provided a copy of these signed agreements to the individual employees? If an employee purportedly signed electronically, you would think the company would provide him with a copy of his own agreement. Was it the case that that never happened? I don't believe the record speaks directly to that. I would be speculating. I would assume that these documents were available. But in most employment cases, once an employee has moved on, they generally no longer have access to those documents unless they were diligent and made a copy. So none of them have produced copies, or some of them have copies, and some don't? The documents themselves- and I see my time is up, but I'll just try to address this question. The documents themselves that appellants claim are the arbitration agreements were produced in discovery. That's it. We have that, and we have corporate declarations that say, these are them, they're real, they're signed. We don't dispute the existence of the documents. We do very much dispute the existence of the elements of contract formation, and that's all that the district court was- Yeah, but that goes to the dates, and the dates should be on the contract. Well, but what would it suggest, Your Honor, if the date on the contract is completely mismatched from the independent dates that show the time period where the employee worked? It would suggest that there might be some problem with the dates, and that may be the reason why this simple discovery request is being fought so vociferously up to the Court of Appeals. In other words, you need the discovery to prove that the arbitration agreement is not valid. Well, it's their burden of proof, but other than that, I agree completely. You've got to contest it. Correct. Because they, I mean, presumably, if you don't contest it, they've asserted, they've met their burden of proof. Then there wouldn't be other proof in the record. I thank the court for its time. I ask the court to dismiss the case for want of jurisdiction to the extent this court has jurisdiction to affirm the district court's interlocutory orders. Thank you. Thank you. If I may address a handful of points, Your Honor. With respect to electronic signatures, of course, electronic signatures are valid under federal law and most state laws. The national agreement has been in place since April of 2012, covers the entire class period, and the Texas agreement is actually hand-signed since August 1st of 2014. There is, as the court is aware, not a single declaration or even a direct statement in the record where someone says, I didn't sign one at all. There are, in fact, two declarations to the contrary from my client, which we believe is sufficient to satisfy our burden of proof, just as in the Milan Express case. With respect to scope of review, if the court has jurisdiction, appellate jurisdiction under 16A1B, as we believe it does, then all of your cases say that that's a de novo review in this case. With respect to waiver, I believe the court has this point. The original motion to compel was filed before the settlement was filed on June 12th of 2018. It argued they needed dates of employment with respect to settlement, with respect to a class of 5,000 at that time, damages, and equitable tolling. There was no argument regarding the arbitration at that point in time when we responded. It was only the notice filed on August 14th of 2018 that argued for the first time that dates of employment were needed for arbitration purposes, and of course, the short answer to the waiver question is, under this court's decision in U.S. v. Clerio, there is no waiver when the district court has ruled on the arguments below that are being made in this court, and that certainly is the case here. For all of those reasons, Your Honor, we respectfully request that the court take jurisdiction and that the court reverse the district court's order in this case and remand with instructions to dismiss as to those plaintiffs within the Western District of Tennessee and as to those outside where the court lacks authority, that those be dismissed without prejudice. Thank you very much. Thank you very much, and the case is submitted.